UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALLSTAR MARKETING GROUP, LLC,

                Plaintiff,

- against -

ALI DROPSHIPPING SUPPORT STORE, et al.,

                Defendants.

**ORDER**

21 Civ. 333 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Allstar Marketing Group, LLC asserts trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, and unfair competition against 49 online merchants who sell products originating in China. (Cmplt. (Dkt. No. 5) ¶¶ 1, 6, 20, 43-89) Plaintiff has moved for a default judgment against the Defendants, none of whom have appeared in this action. An Order to Show Cause setting a default judgment hearing is scheduled for Thursday, January 27, 2022. (Dkt. Nos. 31, 32)

      Before this Court can grant Plaintiff the relief it seeks, Plaintiff must demonstrate that this Court has personal jurisdiction over the Defendants. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011). In determining whether a basis for the exercise of personal jurisdiction exists, this Court must conduct an individualized inquiry as to each Defendant. See Cenage Learning, Inc. v. Buckeye Books, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) ("Lumping all the 'defendants' together for purposes of alleging connections to New York is . . . patently insufficient.").

      Plaintiff asserts that "[p]ersonal jurisdiction exists over Defendants in New York pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal

Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York, and/or derive substantial revenue from their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York." (Cmplt. ¶ 3) In support, Plaintiff attaches a Declaration stating that Plaintiff's counsel Epstein Drengel "verified that each Defendant provides shipping to [a] New York [a]ddress." (Drengel Decl. (Dkt. No. 13) ¶ 24) However, "[i]n light of the multiple Defendants involved in this action, most of whom are shipping the same from China with significant lead times," Plaintiff's counsel only "ma[d]e purchases of Counterfeit Products from a representative sampling of Defendants." (Id. ¶ 25; Cmplt. Ex. D (Dkt. Nos. 5-1 through 5-5))

New York's long-arm statute provides, in relevant part, that a court may exercise specific personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. CPLR § 302(a)(1). Under N.Y. CPLR § 302(a)(3), a Court can similarly exercise jurisdiction over a defendant for "causing injury to a person or property within the state," but only if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue in the state." To establish personal jurisdiction under these provisions, a plaintiff must show that "(1) defendant purposefully availed [itself] of the privilege of doing business in the forum state such that the defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state." See Aqua Products, Inc. v. Smartpool, Inc., No. 04 Civ. 5492 (GBD), 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005).

Courts in this Circuit have found that defendants "purposefully availed themselves of the privileges of conducting activities in New York . . . [b]y shipping . . . Counterfeit Products to New York." Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) (quoting WowWee Grp. Ltd. v. Meirly, No. 18-CV-706 (AJN), 2019 WL 1375470, at *3 (S.D.N.Y. Mar. 27, 2019)) and citing Brady v. Anker Innovations Ltd., 2020 WL 158760, at *5 (S.D.N.Y. Jan. 13, 2020); EnviroCare Techs., 2012 WL 2001443, at *4 (E.D.N.Y. June 4, 2012). A single transaction is sufficient to justify the exercise of personal jurisdiction. Id. at 363 (citing WowWee Grp. Ltd, 2019 WL 1375470, at *3); see also Grand v. Schwarz, 2016 WL 2733133, at *2-3 (S.D.N.Y. May 10, 2016) ("Section 302(a)(1) is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction.").

Here, Plaintiff has submitted evidence of sales into New York as to only a fraction of the Defendants. Accordingly, by **February 2, 2022**, Plaintiff will either provide (1) proof of a sale into New York as to each Defendant; or (2) cite legal authority for the proposition that the mere capacity to ship product to New York is sufficient for the exercise of personal jurisdiction. The show cause hearing currently scheduled for January 27, 2022 is adjourned to **February 10, 2022 at 10:30 a.m.** and will take place by telephone.[1]

---

[1] The parties are directed to dial 888-363-4749 to participate, and to enter the access code 6212642. The press and public may obtain access to the telephone conference by dialing the same number and using the same access code. The Court is holding multiple telephone conferences on this date. The parties should call in at the scheduled time and wait on the line for their case to be called. At that time, the Court will un-mute the parties' lines. Seven days before the conference, the parties must email Michael_Ruocco@nysd.uscourts.gov and GardepheNYSDChambers@nysd.uscourts.gov with the phone numbers that the parties will be using to dial into the conference so that the Court knows which numbers to un-mute. The email should include the case name and case number in the subject line.

Dated: New York, New York
January 25, 2022

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge