UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

ALLSTAR MARKETING GROUP, LLC,

                                        Plaintiff,

v.

ALI DROPSHIPPING SUPPORT STORE, ALIEXPRESS GLOBAL DROPSHIPPING STORE, ALIHOME DESIGN STORE, ALINA LIVING STORE, BR SERVICE STORE, CAIDA STORE, COOCNICO OFFCIAL STORE, DONGGUAN AI CHENG TOYS CO., LTD., DROPSHIP-007 STORE, DROPSHIPPING HOUSE901 STORE, EFDKC OFFCIAL CAR ACCESSORIES STORE, EXQUISITE LIFE 365 STORE, FANTASY H-OME & LIFE STORE, FOUR SEASONS' SONG, GUANGZHOU HAPPY ISLAND TOYS CO., LTD., H & M LUB-AN STORE, HEQU FASHION, HUNAN HECHENG YUANMAI EQUIPMENT CO., LTD., JESSIC STORE, JIANDE JADE TEXTILES CO., LTD., JOYLIVE STORE, JOYLOVE STORE, LITTLE FOR BABY STORE, MARKETHUB STORE, MEIHUA COSMETICS (HUIZHOU) CO., LTD., MSCARTOON STORE, NINGBO SUNREAL ELECTRONIC CO., LTD., SHANGHAI GOT GIFT CO., LTD., SHANGHAI ZHEYI TRADING CO., LTD., SHENZHEN NEWSTAR ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN TUOYI ELECTRONIC COMMERCE CO., LTD., SHOP4980079 STORE, SHOP5599062 STORE, SHOP910968013 STORE, SHOP910976005 STORE, SHOP911089025 STORE, SINDAX OFFICIAL STORE, SUERTE HAPPYNESS STORE, SWEETY &JUMPING GARDEN STORE, TOPSEXTOYS WORLD STORE, WARM LIGHTING LIFE STORE, YANGZHOU CREATIVE TOYS AND GIFTS CO., LTD., YANGZHOU HAITONG TEXTILE PRODUCTS CO., LTD., YANGZHOU HOME KA CRAFTS LTD., YIWU BINGGOU TOYS CO., LTD., YIWU JIALING IMPORT AND EXPORT CO., LTD., YIWU LENORA TRADING CO., LTD., YIWU ZHANGHUOQING E-COMMERCE FIRM, YOUR HAPPINESS IS OUR PRIORITY STORE, ZAKONA 2BIKINI STORE, ZXCXZ HOUSEHOLDAPPLIANCE STORE and ZY FOR DROP SHIPPING STORE,

                                        Defendants.

**ORDER**

21 Civ. 333 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendants for Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement, and related state and common law claims arising out of Defendants' unauthorized use of Plaintiff's Happy Nappers Marks and Happy Nappers Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

WHEREAS this Court has considered the Memorandum of Law (Dkt. No. 37), Affidavit of Danielle (Yamali) Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant (Dkt. No. 36), and all other pleadings and papers on file in this action;

WHEREAS this Court has determined that Plaintiff has only established a basis for the Court to exercise personal jurisdiction over Defendants Coocnico Offcial Store, EFDKC Offcial Car Accessories Store, Four Seasons' Song, and Little For Baby Store (the "Defaulting Defendants");

WHEREAS this Court has issued an Order of Default against the Defaulting Defendants (Dkt. No. 41); and

WHEREAS this Court has referred this matter to Magistrate Judge Netburn for an inquest into damages (Dkt. No. 42);

It is hereby ORDERED as follows:

## I.     Permanent Injunction

1) Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Happy Nappers Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Happy Nappers Marks and/or incorporating one or more of the Happy Nappers Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Happy Nappers Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's Happy Nappers Marks and Happy Nappers Works;

   C. using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Happy Nappers Marks and Happy Nappers Works to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Happy Nappers Marks and Happy Nappers Works, or any other marks or artwork that are confusingly or substantially similar to the Happy Nappers Marks and Happy Nappers Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

    trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents, or any other records or evidence relating to:

    i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii. Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising,

and promotional materials and any other materials in the possession, custody, or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights, or other rights including, without limitation, the Happy Nappers Marks and Happy Nappers Works, or bear any marks or artwork that are confusingly or substantially similar to the Happy Nappers Marks and Happy Nappers Works pursuant to 15 U.S.C. § 1118;

## II. Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: New York, New York
       February 14, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge