UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALLSTAR MARKETING GROUP, LLC,

                              Plaintiff,

          -against-

ALI DROPSHIPPING SUPPORT STORE, et al.,

                              Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/15/2022

21-CV-00333 (PGG)(SN)

**SCHEDULING ORDER
FOR DAMAGES INQUEST**

**SARAH NETBURN, United States Magistrate Judge:**

On February 14, 2022, the Honorable Paul G. Gardephe referred this case to my docket to conduct an inquest and to report and recommend concerning Plaintiff's damages. It is now ORDERED that:

1. No later than 30 days after entry of this Order, Plaintiff shall file Proposed Findings of Fact and Conclusions of Law describing all claimed damages and any other monetary relief. Plaintiff should file this document, along with any accompanying exhibits and affidavits, to ECF under "Civil Events/Other Filings/Trial Documents." Plaintiff shall serve a complete copy of his filing and a copy of this Order by mail to Defendant's last known address.

2. Plaintiff shall support his Findings of Fact and Conclusions of Law with affidavits and other documentary evidence. Each proposed finding of fact shall cite the evidence provided.

3. Defendant shall file a response, if any, no later than 30 days after service. Defendant shall respond to each Finding of Fact and Conclusion of Law asserted by Plaintiff. Defendant may also submit Counter Findings of Fact and Conclusions of Law. Defendant shall

support each finding of fact (in both its response to Plaintiff's filing, as well as its own Counter-Statement) with affidavits or other documentary evidence. Each proposed finding of fact shall cite the evidence provided.

4. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989). Any party seeking an evidentiary hearing on damages must set forth reasons why the inquest should not be based upon the written submissions alone and include a description of what witnesses would be called to testify and the nature of the evidence that would be submitted.

5. A courtesy copy of any document filed with the Court shall be sent or delivered to the Court as required by the Individual Practices of Judge Netburn, paragraph III(b).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 15, 2022
         New York, New York