UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLSTAR MARKETING GROUP, LLC,

                                Plaintiff

v.

ALI DROPSHIPPING SUPPORT STORE, ALIEXPRESS
GLOBAL DROPSHIPPING STORE, ALIHOME DESIGN
STORE, ALINA LIVING STORE, BR SERVICE STORE,
CAIDA STORE, COOCNICO OFFCIAL STORE,
DONGGUAN AI CHENG TOYS CO., LTD., DROPSHIP-
007 STORE, DROPSHIPPING HOUSE901 STORE, EFDKC
OFFCIAL CAR ACCESSORIES STORE, EXQUISITE LIFE
365 STORE, FANTASY H-OME & LIFE STORE, FOUR
SEASONS' SONG, GUANGZHOU HAPPY ISLAND TOYS
CO., LTD., H & M LUB-AN STORE, HEQU FASHION,
HUNAN HECHENG YUANMAI EQUIPMENT CO., LTD.,
JESSIC STORE, JIANDE JADE TEXTILES CO., LTD.,
JOYLIVE STORE, JOYLOVE STORE, LITTLE FOR
BABY STORE, MARKETHUB STORE, MEIHUA
COSMETICS (HUIZHOU) CO., LTD., MSCARTOON
STORE, NINGBO SUNREAL ELECTRONIC CO., LTD.,
SHANGHAI GOT GIFT CO., LTD., SHANGHAI ZHEYI
TRADING CO., LTD., SHENZHEN NEWSTAR
ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN
TUOYI ELECTRONIC COMMERCE CO., LTD.,
SHOP4980079 STORE, SHOP5599062 STORE,
SHOP910968013 STORE, SHOP910976005 STORE,
SHOP911089025 STORE, SINDAX OFFICIAL STORE,
SUERTE HAPPYNESS STORE, SWEETY &JUMPING
GARDEN STORE, TOPSEXTOYS WORLD STORE,
WARM LIGHTING LIFE STORE, YANGZHOU
CREATIVE TOYS AND GIFTS CO., LTD., YANGZHOU
HAITONG TEXTILE PRODUCTS CO., LTD.,
YANGZHOU HOME KA CRAFTS LTD., YIWU
BINGGOU TOYS CO., LTD., YIWU JIALING IMPORT
AND EXPORT CO., LTD., YIWU LENORA TRADING
CO., LTD., YIWU ZHANGHUOQING E-COMMERCE
FIRM, YOUR HAPPINESS IS OUR PRIORITY STORE,
ZAKONA 2BIKINI STORE, ZXCXZ
HOUSEHOLDAPPLIANCE STORE and ZY FOR DROP
SHIPPING STORE,

                                Defendants.

**ORDER**

21 Civ. 333 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff AllStar Marketing Group, LLC ("AllStar") brings this action against 52 Defendants, alleging (1) trademark counterfeiting, in violation of Sections 32, 34 and 35 of the Lanham Act; (2) trademark infringement, in violation of Section 32(a) of the Lanham Act; (3) false designation of origin, passing off, and unfair competition, in violation of Section 43(a) of the Lanham Act; (4) copyright infringement, in violation of 17 U.S.C. § 501(a); and (5) unfair competition under New York common law.  (Cmplt. (Dkt. No. 5) ¶¶ 1, 43-89)

On February 14, 2022, this Court entered an Order of Default as to Defendants Coocnico Offcial Store, EFDKC Offcial Car Accessories Store, Four Seasons' Song, and Little For Baby Store (the "Defaulting Defendants") (Dkt. No. 41), and referred this case to Magistrate Judge Sarah Netburn for an inquest on damages.  (Dkt. No. 42)  On April 20, 2023, Judge Netburn issued a Report and Recommendation ("R&R") recommending that "Plaintiff be awarded a total of $200,000, consisting of $50,000 against each of the four Defaulting Defendants, plus post-judgment interest pursuant to 28 U.S.C. § 1961."  (R&R (Dkt. No. 57) at 13)  No party has filed objections to the R&R.

For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

The Complaint was filed under seal on January 14, 2021.  (Dkt. Nos. 5, 14)  On that day, Plaintiff requested that this Court issue a temporary restraining order; an order restraining merchant storefronts and Defendants' assets with financial institutions; an order to show cause as to why a preliminary injunction should not issue; an order authorizing bifurcated and alternative service; and an order authorizing expedited discovery.  (Dkt. Nos. 11-12)  This Court granted each of Plaintiff's requests on January 21, 2021.  (See (Dkt. No. 16))

2

On February 5 and 8, 2021, pursuant to the alternative methods of service authorized by the temporary restraining order, Plaintiff served the Summons, Complaint, temporary restraining order, all papers supporting papers, and the Court's order on each Defendant.  ((Dkt. No. 17) ¶ 8)

On February 18, 2021, after conducting a hearing, this Court granted Plaintiff's request for a preliminary injunction.  (Dkt. No. 3)  None of the Defendants appeared at the hearing or filed any opposition.  A copy of the preliminary injunction order was served on each Defendant by February 25, 2021.  ((Dkt. No. 18) ¶ 7)

On November 12, 2021, this Court directed Plaintiff to move for a default judgment or to show cause why the action should not be dismissed for failure to prosecute.  (Dkt. No. 23)  On November 23, 2021, Plaintiff obtained an Amended Certificate of Default against the Defendants, which reflects the dismissal of three of the Defendants in this action – Yangzhou Creative Toys and Gifts Co., Ltd, Markethub Store, and TopSexToys World Store.  (Dkt. Nos. 21-22, 24, 27-28, 30)  On November 23, 2021, Plaintiff moved for a default judgment.  On January 6, 2022, this Court entered an order to show cause, which directed Plaintiff to serve Defendants the Order by January 13, 2022, directed Defendants to respond in writing to the Order by January 20, 2022, and scheduled a show cause hearing for January 27, 2022.  (Dkt. No. 31)

Plaintiff filed a certificate of service on January 24, 2022, stating that Plaintiff had served each Defendant – except Defendants Dropship-007 Store and msccartoon Store – with the order to show cause and supporting papers on January 6, 2022.  ((Dkt. No. 33) ¶ 6)  On January 25, 2022, this Court adjourned the show cause hearing, and directed Plaintiff to provide supplemental briefing concerning the issue of personal jurisdiction.  (Dkt. No. 34)  On February 1, 2022, Plaintiff filed a supplemental letter.  (Dkt. No. 35)

3

On February 10, 2022, this Court held a default hearing.  (Feb. 10, 2022 Minute Entry)  Defendants filed no opposition to Plaintiff's motion for a default judgment and did not appear at the February 10, 2022 hearing.  For reasons discussed at the February 10, 2022 hearing, Plaintiff has only established a basis for the Court to exercise personal jurisdiction over Defendants Coocnico Offcial Store, EFDKC Offcial Car Accessories Store, Four Seasons' Song, and Little For Baby Store.  Accordingly, on February 14, 2022, this Court entered an order of default as to Defendants Coocnico Offcial Store, EFDKC Offcial Car Accessories Store, Four Seasons' Song, and Little For Baby Store, and directed Plaintiff to show cause by February 17, 2022 why its claims against the remaining Defendants should not be dismissed for lack of personal jurisdiction.  (Order (Dkt. No. 41))  That same day, this Court (1) permanently enjoined Defendants Coocnico Offcial Store, EFDKC Offcial Car Accessories Store, Four Seasons' Song, and Little For Baby Store from, inter alia, infringing Plaintiff's marks, and directing these Defendants to deliver to Plaintiff for destruction, inter alia, any and all counterfeit products (Dkt. No. 43); and (2) referred the case to Magistrate Judge Netburn for an inquest into damages concerning the Defaulting Defendants.  (Dkt. No. 42)

On March 17, 2022, this Court dismissed the remaining Defendants without prejudice based on Plaintiff's representation that (1) it could not demonstrate that the remaining Defendants had shipped and sold counterfeit products to New York consumers; and (2) "the proof regarding [one Defendant] involves conduct that occurred after the filing of the Complaint," and thus "the Court cannot consider this conduct in assessing personal jurisdiction." ((Dkt. No. 49) at 2 (citing Duravest, Inc. v. Viscardi, A.G., 581 F. Supp. 2d 628, 639 (S.D.N.Y. 2008)))

On April 20, 2023, Judge Netburn issued an R&R, finding that Defendants Coocnico Offcial Store, EFDKC Offcial Car Accessories Store, Four Seasons' Song, and Little

For Baby Store "are liable for trademark counterfeiting and infringement under the Lanham Act and copyright infringement under the Copyright Act." (R&R (Dkt. No. 57) at 6) As to Plaintiff's request for statutory damages under the Lanham Act, Judge Netburn finds "Plaintiff's request for statutory damages, in lieu of actual damages, appropriate given that (1) [the] Defaulting Defendants have produced no records on which the Court could reasonably calculate damages, and (2) the Defaulting Defendants engaged in willful conduct." (Id. at 10) Judge Netburn "deems the [D]efendants' default and subsequent failure to participate in this inquest as an admission that their use of the counterfeit marks was willful under the Lanham Act standard." (Id. (collecting cases)) Judge Netburn further finds that "the [D]efendants' failure to defend this lawsuit combined with their use of near identical marks demonstrates a willfulness to infringe upon Plaintiff's trademarks," and that "[Section] 1117(c)(2)'s enhancement for willful infringement is properly applied." (Id. at 11)

"Turning to the Fitzgerald[ Publ'g Co., Inc. v. Baylor Publ'g Co., Inc., 807 F.2d 1110 (2d Cir. 1986)] factors," Judge Netburn finds that the "'[D]efaulting Defendant's failure to appear in this action prevents [her] from ascertaining their profits or the full extent of Plaintiff's losses.'" Judge Netburn notes, however, that courts generally infer "'"a broad scope of operations in cases dealing specifically with websites that ship and sell to a wide geographic range."'" (Id. (second alteration in original) (quoting Mattel, Inc. v. 1622758984, No. 18 Civ. 8821 (AJN), 2020 WL 2832812, at *7 (S.D.N.Y. May 31, 2020); Spin Master Ltd. v. Alan Yuan's Store, 325 F. Supp. 3d 413, 426 (S.D.N.Y. 2018))) Judge Netburn further states that the presence of other Fitzgerald factors – the "Defendants' non-cooperativeness (factor 6), the value of the mark (factor 3), the need to deter other infringers (factor 4), and the Defaulting Defendants' willfulness (factor 5)" – "favors a heightened award." (Id.) Judge Netburn goes on to find that "[i]n the absence of evidence that [the] Defaulting Defendants' sales were substantial

or constituted a large-scale operation, . . . the $50,000 that Plaintiff seeks from each Defaulting

Defendant [is] appropriate and 'resembles the landscape of the caselaw' on statutory damages

under the Lanham Act."  (Id. at 12 (quoting Moose Toys Pty LTD v. Addition, No. 18 Civ. 9262

(AJN), 2020 WL 2832767, at *7 (S.D.N.Y. May 31, 2020)) (collecting cases))

      As to Plaintiff's request for statutory damages under the Copyright Act, Judge

Netburn "do[es] not find that additional statutory damages under the Copyright Act are

warranted."  (Id. at 13)  She reasons that "a single grant of statutory damages adequately

compensates copyright owners, and that the 'broad range of statutory damages available under

either the Copyright Act or Lanham Act is sufficient to put potential infringers "on notice that it

costs less to obey [intellectual property] laws than to violate them.""  (Id. at 12-13 (alteration in

original) (quoting Tu v. TAD Sys. Techn., Inc., No. 08 Civ. 3822 (SLT) (RM), 2009 WL

2905780, at *3-5 (E.D.N.Y. Sept. 10, 2009); N.Y. Chinese TV Programs, Inc. v. U.E. Enters.,

Inc., No. 89 Civ. 6082 (RWS) (KAR), 1991 WL 113283, at *3 (S.D.N.Y. June 14, 1991)))

      Finally, Judge Netburn finds that "Plaintiff should be awarded post-judgment

interest."  (Id. at 13)

## STANDARD OF REVIEW

      A district court reviewing a magistrate judge's report and recommendation "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where, as here, no objections are filed in response

to a magistrate judge's report and recommendation, "a district court need only satisfy itself that

there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin

v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011)

(citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, the Second Circuit has made

clear that a "party generally waives judicial review of an issue when he or she fails to make

6

timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the appropriate deadlines for submission of objections and the consequences for failing to do so:

> The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. . . . The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

(R&R (Dkt. No. 57) at 14)  Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to the R&R.

Because no party has filed objections to Judge Netburn's R&R, the parties have waived judicial review.  This Court has, however, reviewed Judge Netburn's fourteen-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.

Accordingly, Judge Netburn's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety.  Plaintiff is awarded a total of $200,000, consisting of $50,000 against each of Defendants Coocnico Offcial Store, EFDKC Offcial Car Accessories Store, Four Seasons' Song, and Little For Baby Store, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated:  New York, New York
        July 5, 2023

SO ORDERED.

_____

Paul G. Gardephe
United States District Judge